```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

MICHAEL ANTHONY BENNETT, JR.,      )
                                   )
                Plaintiff,         )
                                   )
     v.                            )     No. 09 C 6321
                                   )
ILLINOIS DEPARTMENT OF CORRECTIONS,)
                                   )
                Defendant.         )
```

## MEMORANDUM ORDER

Michael Anthony Bennett, Jr. ("Bennett") has used the Clerk's-Office-supplied form of 42 U.S.C. §1983 ("Section 1983") Complaint to bring an action against the Illinois Department of Corrections ("Department"), in which he seeks damages for his assertedly having to serve an excessive amount of time in custody due to his parole violation after he had served the custodial part of a three year criminal sentence. Before this memorandum order turns to Bennett's claim, it treats with the requirements of 28 U.S.C. §1915 ("Section 1915").

In that respect, Bennett's In Forma Pauperis Application and the accompanying printout of transactions in his prison trust fund account (see Section 1915(a)(2)) reflect an average monthly balance in that account of approximately $140, so that the initial partial filing fee payment required by Section 1915(b)(1) comes to $28. Accordingly Bennett is assessed that initial fee of $28, and the Department's trust fund officer is ordered to collect that amount from Bennett's trust fund account and to pay

it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention:  Fiscal Department

Both the initial payment and all future payments shall clearly identify Bennett's name and the 09 C 6321 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this order to the Department's trust fund officer.

After such initial payment, the trust fund officer at any correctional facility where Bennett is now or may hereafter be confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

As for the substance of Bennett's claim, he attaches to the Complaint a copy of the Offender's Grievance that he had filed with the Department, which shows the response by the counselor to whom it was referred.  That response reflects an administrative determination that Bennett's time served for the criminal offense cannot be applied to the parole term.  What is plain is that a

decision of that type, even if it were to be made in error,[1] does not involve a violation of Bennett's federally cognizable rights.

Accordingly both the Complaint and this action are dismissed for lack of subject matter jurisdiction. This dismissal is of course without prejudice to any rights that Bennett may have under state law. Finally, Bennett's accompanying Motion for Appointment of Counsel is denied as moot, while he remains liable for payment of the entire $350 filing fee in the installments provided for earlier.

                                                   /s/ Milton I. Shadur
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: October 14, 2009

---

[1] This Court does not so hold--the point is that it makes no difference for Section 1983 purposes if that decision was right or wrong as a matter of state law.